**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE FOWLERVILLE AREA FIRE AUTHORITY, an Act 57 Municipal Services Authority,
Plaintiff,

v.

HANDY TOWNSHIP,
Defendant.
_______________________________/

Case No. 25-cv-12976

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 3)**

Fowlerville Area Fire Authority ("Plaintiff" or "FAFA") filed the instant action for declaratory, injunctive, and monetary relief against Handy Township ("Defendant" or "Township"), seeking to enforce its alleged rights under the Township's Sewer Use Ordinance, known as Ordinance No. 211. *See generally* ECF No. 2. Now before the Court is the Defendant's Motion to Dismiss Per Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 3). Defendant's Motion argues that this Court lacks subject matter jurisdiction over the Plaintiff's claims and that the Plaintiff failed to state a claim for which the Court can grant relief. *Id.* The Motion is fully briefed, and the Court finds that a hearing on the Motion is unnecessary. *See* ECF Nos. 3, 4, 5; E.D. Mich. LR 7.1(f). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss, **DISMISSES WITH**

**PREJUDICE** FAFA's federal claims (Counts IV-V) for failure to state a claim, and **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims (Counts I-VII).[1]

**I.**

## A. General Background and Procedural History

The Township is a Michigan municipal corporation operating within Livingston County, Michigan. ECF No. 2, PageID.89. The Township's Board (the "Board") enacted Ordinance No. 211 in 2004 "to provide for the use, operation, and regulation" of the Township's Wastewater Treatment System. *Id.* The FAFA is an Act 57 Municipal Emergency Services Authority serving residents of Handy, Iosco, and Conway Townships, in addition to the Village of Fowlerville. *Id.* at PageID.88. The FAFA built a fire station on a parcel of land it purchased in 2021, located at 9110 W Grand River Avenue, Fowlerville, MI 48836. *Id.* The injuries set forth in the Complaint flow from the Township's alleged improper application of Ordinance No. 211 (the "Ordinance") in assessing the FAFA's sewer connection and use charges for the new fire station. *Id.* The FAFA initiated this action in 2025, seeking to: (1) compel the Township to properly apply the Ordinance; (2) remedy alleged violations of FAFA's procedural and substantive due process, and equal protection

[1] Plaintiff pled Counts IV & V pursuant to both the United States and Michigan Constitution. The Court's dismissal with prejudice is applicable to the federal constitutional claims only. In lieu of dismissal, the Court will decline supplemental jurisdiction over all the state law claims and remand them to the 44th Circuit Court.

rights under the United States and Michigan Constitutions; (3) recover unlawful charges that allegedly violate the Headlee Amendment; and (4) prevent the Township's continued enforcement of the alleged arbitrarily inflated sewer usage charges that violate[] the Ordinance, applicable constitutional protections, and Michigan law." *Id.* This case originated in the 44th Circuit Court in Livingston County, Michigan, and the Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. ECF No. 1, PageID.1-2.

**B. The Ordinance**

The Ordinance covers two categories of sewer charges: capital connection charges and usage charges. *See generally* ECF No. 2, PageID.198-205. Capital connection charges are assessed for a new connection to the sewer system, while usage charges relate to the actual use of the sewer system. *Id.* at PageID.246; 242. Since the Ordinance's enactment, the Board has repeatedly amended Section 2.07, which sets out the Township's framework for imposing capital connection and usage charges on its customers and residents. *Id.* at PageID.89; 162-244; 246-250. In 2022, the Board issued a resolution adopting a newly amended Section 2.07 of the Ordinance. *Id.* at PageID.246-250. The 2022 amendment adopted an updated Residential Equivalent Unit Factor Chart which determined "the volume of sewage expected to be discharged by a particular type of use in the Township." *Id.* at PageID.246.

## C. REU Assessment Procedure and Initial FAFA Determination

Municipalities commonly use a measurement tool known as Residential Equivalent Units ("REUs") "to assess utility charges, such as sewer and water fees, which[,]" to Plaintiff's knowledge, are "based on the estimated level of service consumption." ECF No. 2, PageID.90. The Complaint further alleges that:

> [o]ne REU typically represents the average usage attributable to a standard single-family residential dwelling. Non-residential and multi-family properties are assigned fractional or multiple REUs based on their projected or actual consumption relative to that residential baseline. The REU system is intended to promote proportionality in utility billing, ensuring that properties contributing more to the system bear a commensurate share of the cost.

*Id.* The Plaintiff alleges that the 2022 amendment requires the Township Engineer to determine the number of REUs assigned to new sewer connections in accordance with the REU Chart adopted by the Township Board. ECF No. 2, PageID.91. Plaintiff further claims that, under the Ordinance, the Township Engineer may recommend that the Township Board deviate from the REU Chart only if the Engineer concludes that the chart is unfair to the user because it does not account for that type of use or because the user's operations differ from those contemplated by the chart. *Id.* Under the 2022 Amendment to the ordinance, the REU Chart assigns a fire station one REU per premises plus 0.2 REU for each stationed firefighter or employee. *Id.* at PageID.250.

On February 9, 2022, Handy Township Clerk Laura A. Eisele issued a memorandum calculating the FAFA's sewer assessment at seven (7) REUs. *Id.* at PageID.92. According to the memorandum, the Clerk calculated the facility as a volunteer fire station, office space, laundromat, and wash bay, resulting in a total of 6.8 REUs, which was rounded to seven because REUs are sold in whole increments. *Id.* The Complaint alleges that the assessment was later reduced to five REUs following further discussions between the parties. *Id.*

**D. FAFA's First Payment Under Protest**

On August 26, 2022, the FAFA paid the Township $55,150 pursuant to the Township's invoice reflecting a five-REU assessment. ECF No. 2, PageID.92. In correspondence accompanying the payment, the FAFA advised the Township that it disputed the REU determination and was remitting payment under protest. *Id.* at PageID.93. The FAFA further notified the Township that it did not anticipate using the volume of water reflected in the REU determination and expressly reserved its right to challenge the assessment through the procedures provided by the Ordinance. *Id.*

**E. Appeal of the REU Determination**

In September 2024, the FAFA requested review of its REU assessment pursuant to the Ordinance's appeal procedure. ECF No. 2, PageID.93. The Township Board conducted a hearing on April 16, 2025. *Id.* During the appeal

proceedings, the Township concluded that the applicable calculation resulted in an assessment of eight (8) REUs and increased the FAFA's assessment accordingly. *Id.* at PageID.94. The Township thereafter issued an invoice for three additional REUs, which the FAFA paid under protest. *Id.* The Complaint alleges that an eight-REU assessment corresponds to approximately 40,000 gallons of sewage per month, whereas the FAFA's average monthly water usage for the fire station during the preceding seventeen-month period was approximately 4,201.2 gallons. *Id.* Plaintiff further alleges that, had the Township applied the REU Chart as written, the fire station would have been assigned no more than two REUs. *Id.* at PageID.94-95.

**II.**

The Township moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) or under Rule 12(b)(6) in the alternative. *See generally* ECF No. 3. A motion under 12(b)(1) challenges a court's subject-matter jurisdiction over claims presented. Fed. R. Civ. P. 12(b)(1). Such a motion attacks jurisdiction either facially or factually. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial challenge requires the Court to accept as true the allegations in the pleadings and to construe them in the light most favorable to the nonmoving party. *Id.* A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Gen. Ret. Sys. of City of Detroit v. Snyder*, 822 F. Supp. 2d 686, 693 (E.D. Mich. 2011). Under a factual attack, there is no presumption of truthfulness as to Plaintiff's

Complaint and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. (quoting *Ritchie*, 15 F.3d at 598). The burden remains with the Plaintiff to establish that jurisdiction exists. *Shepherd v. Cancer & Hematology Centers of W. Michigan, P.C.*, No. 1:22-cv-734, 2023 WL 4056342, at *5 (W.D. Mich. Feb. 28, 2023) (citing *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (per curiam)). While Defendant's motion does not clearly specify whether it is lodging a facial or factual attack, both parties cite the extrinsic evidence attached to the Complaint in their briefing. As such, the Court will treat the arguments as a factual challenge for the purpose of resolving the motion.

In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted). Plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.

FAFA brings claims under both federal and state law. As a threshold matter, the Court will focus on its jurisdictional authority over the federal claims and their merits to determine whether they will survive before addressing the Michigan state Law claims. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon,* 484 U.S. 343, 350 n. 7).

### A. The FAFA's Federal Claims Are Not Moot

The Township argues that all of Plaintiff's claims, including its federal constitutional claims, are moot because the challenged action under Section 2.07(f)(7) "has been superseded by Plaintiff's own election to pursue the Ordinance's appeal procedure, and as such there is no ongoing controversy." *See* PageID.296; 301; 304. The Court disagrees. The gravamen of the Complaint suggests that the appeal did not extinguish the controversy; rather, it exacerbated the initial injury. As such, the FAFA's claims cannot be read to allege that the only challenged action is the Township's initial REU determination. The Court reads the

allegations as challenging the Township's continued assessment and collection of sewer charges based upon the post-appeal eight-REU determination. Plaintiff repeatedly alleges that the Township continues to violate the Ordinance, as amended in 2022, by enforcing the eight-REU assessment reached through the appeal process, continuing to invoice Plaintiff under that assessment, and refusing to rescind or recalculate the determination. *See* ECF No. 2, PageID.94, 96, 103, 106.

Thus, although the initial determination may no longer independently govern Plaintiff's sewer charges, Plaintiff alleges that the appeal process itself culminated in a separate determination that continues to inflict the same alleged injury. Defendant's mootness argument therefore depends upon accepting its characterization that the appeal process necessarily cured any alleged defect in the original determination. The Court does not resolve the merits of that assertion at the Rule 12(b)(1) stage. Rather, the question before the Court is whether Plaintiff continues to allege a live controversy for which effective relief could be granted. *See Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004). Even assuming Defendant is correct that the appeal superseded the original REU determination, that proposition alone does not resolve whether Plaintiff continues to suffer the alleged injury resulting from the post-appeal REU determination.

Plaintiff does not seek relief solely from the initial REU calculation. Instead, Plaintiff seeks relief from the Township's continued enforcement of the eight-REU assessment, for reimbursement of allegedly excessive charges already paid, and for prospective relief preventing continued assessment under the current calculation. ECF No. 2, PageID.97. Whether Plaintiff ultimately establishes that the current assessment violates the Ordinance in a manner that amounts to a constitutional violation is a merits question. For purposes of Article III jurisdiction, however, Plaintiff has alleged an ongoing injury fairly traceable to Defendant's conduct that would be redressed by a favorable decision. *See Carman v. Yellen*, 112 F.4th 386, 399 (6th Cir. 2024). Accordingly, Defendant has not established that Plaintiff's federal constitutional claims are moot under Rule 12(b)(1), and dismissal on that basis is unwarranted.

Although the Court concludes that Plaintiff has alleged a live controversy sufficient to invoke the Court's subject matter jurisdiction over its federal claims, that conclusion does not resolve whether Plaintiff has plausibly alleged a violation of the Fourteenth Amendment. The Court therefore turns to Defendant's Rule 12(b)(6) arguments.

**B. Plaintiff Fails to Plausibly Allege a Federal Constitutional Claim**

Plaintiff asserts federal constitutional claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. ECF No. 2, PageID.100, 103.

The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *Id.* Municipal corporations are state actors subject to the requirements of the Fourteenth Amendment. *Id.*; *see e.g.*, *Kirk v. Melendez*, No. 15-CV-11897, 2017 WL 5653604, at *3 (E.D. Mich. Jan. 23, 2017).

Plaintiff's constitutional claims each arise from the Township's alleged assessment of sewer connection and usage charges in violation of the Ordinance. Although Plaintiff advances distinct theories under procedural due process, substantive due process, and equal protection, each claim depends upon Plaintiff first establishing the existence of a constitutionally protected property interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Absent such an interest, Plaintiff cannot invoke the protections afforded by the Due Process Clause, nor can it premise its constitutional theories upon an alleged deprivation of rights arising solely from state-law procedures.

***1. The FAFA Does Not Have a Protected Property Interest in its REU Determination***

Plaintiff alleges the Township violated its rights to procedural and substantive due process by assessing sewer connection and usage charges in a manner inconsistent with Ordinance No. 211. ECF No. 2, PageID.100-104. Here, to state a

claim for a violation of procedural or substantive due process, the FAFA must first establish that it has a constitutionally protected property interest or vested entitlement in the right to be charged sewer rates strictly in accordance with the Ordinance. *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 792 (6th Cir. 2005) ("To establish the existence of a constitutionally protected property interest, [plaintiff] must demonstrate that it had "a legitimate claim of entitlement," not "a mere unilateral expectation" in the interest said to be interfered with.") (citing *Roth*, 408 U.S. at 577). The Due Process Clause does not itself create property interests. Rather, constitutionally protected property interests "are created[,] and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577. Accordingly, while state law supplies the source of an alleged entitlement, federal constitutional law determines whether that alleged entitlement rises to the level of a protected property interest under the Fourteenth Amendment.

Under Supreme Court and Sixth Circuit precedent, a protected property interest exists only where state law meaningfully limits official discretion such that the plaintiff possesses a legitimate claim of entitlement to a particular benefit, rather than a unilateral expectation that government officials will exercise their discretion in a particular manner. *See id.*; *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992); *EJS Props., LLC v. City of Toledo*, 698 F.3d 845,

856 (6th Cir. 2012). Stated differently, a plaintiff must allege more than an expectation that government officials will comply with state law. The plaintiff must plausibly allege that state law removes official discretion and creates a legitimate claim of entitlement to the particular outcome or legal interest allegedly denied.

However, procedural limitations on official discretion, standing alone, do not create a federally protected property interest. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519-20 (6th Cir. 2007). Nor may a plaintiff transform an alleged violation of state-law procedures into a federal constitutional claim simply by characterizing those procedures as independent substantive rights. *Id.* Thus, the Court's inquiry is not whether Plaintiff adequately alleges that Township officials failed to comply with the Ordinance. Rather, the threshold question is whether the interests Plaintiff identifies constitute constitutionally protected property interests under controlling federal law.

The "rights" Plaintiff identifies: a right to have the ordinance followed; a right to be charged according to the REU Chart; and a right not to be overcharged by virtue of those procedural requirements, are all derivative of Plaintiff's asserted entitlement to compliance with the ordinance's decision-making framework. Breaking those alleged procedural protections into separate components does not transform them into the legitimate claim of entitlement required by *Roth*. The Court therefore looks beyond Plaintiff's characterization of those asserted rights and

examines the substance of the alleged entitlement. Plaintiff alleges that Township officials failed to follow the procedural requirements governing REU determinations under the Ordinance by disregarding the REU Chart, failing to utilize the Township Engineer, improperly exercising discretion reserved by the Ordinance, and assigning classifications not authorized by the Ordinance. *See* ECF No. 2, PageID.91-95; 101-95.

But each of those allegations ultimately concerns the manner in which Township officials allegedly exercised, or failed to exercise, their authority under the Ordinance. Put differently, Plaintiff's alleged entitlement depends entirely upon the proposition that strict compliance with the Ordinance's procedural requirements would have resulted in a lower REU assessment than the one ultimately assigned. Plaintiff does not identify an independent statutory entitlement to any particular REU assessment or billing amount. Instead, Plaintiff alleges that compliance with the Ordinance's decision-making procedures necessarily would have produced a more favorable substantive outcome. That distinction is significant. A property interest cannot arise merely because state law prescribes the procedures by which a governmental decision must be made. *Experimental Holdings*, 503 F.3d at 519-20.

Plaintiff therefore cannot create a federally protected property interest by repackaging alleged state-law procedural restrictions on Township decision-making into independent constitutional entitlements. Even accepting every factual

allegation in the Complaint as true, Plaintiff's asserted rights remain interests in having Township officials follow Plaintiff's preferred interpretation of the Ordinance when determining its REU assessment. Such allegations amount to unilateral expectations regarding the manner in which Township officials should exercise their authority under the Ordinance, rather than the legitimate claim of entitlement.

To the extent Plaintiff ultimately establishes that Township officials misapplied the Ordinance or exceeded the authority granted by Michigan law, those allegations may support Plaintiff's remaining state-law claims. Nonetheless, they do not establish the existence of a federally protected property interest for purposes of the Due Process Clause. It follows that Plaintiff has failed to plausibly allege the existence of a constitutionally protected property interest under the facts alleged in the Complaint. Even if the Court were to assume that Plaintiff had adequately alleged such an interest, the constitutional claims would nevertheless fail for additional reasons. The Court therefore addresses each constitutional theory independently.

***2. Plaintiff Has Not Plausibly Alleged a Procedural Due Process Violation***

Plaintiff alleges that the Township violated its procedural due process rights by assessing sewer connection and usage charges in a manner inconsistent with the Ordinance and by allegedly disregarding the mandatory procedures governing REU

determinations. ECF No. 2, PageID.100-102. "Procedural due process is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property." *EJS Props., LLC*, 698 F.3d at 855 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). "To make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that '(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.'" *Id.* (quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).

Defendant argues that Plaintiff has failed to allege a constitutionally protected property interest because the Ordinance does not create a vested entitlement to any particular REU determination; but instead affords Township officials discretion in assigning REUs. ECF No. 3, PageID.302-303. Defendant further contends that Plaintiff received all of the process contemplated by the Ordinance when it appealed the initial assessment pursuant to Section 2.07(f)(7). Plaintiff argues that it possesses a vested property interest in having sewer charges assessed strictly in accordance with the Ordinance and that the Township deprived it of that interest by disregarding the mandatory requirements governing REU determinations. ECF No. 4, PageID.338-340.

As previously discussed, Plaintiff has not plausibly alleged a constitutionally protected property interest because its assertions derive from Plaintiff's contention that Township officials failed to follow the procedural requirements governing REU determinations under the Ordinance. *See supra*, § 1. Plaintiff further alleges that, had Township officials complied with those procedures according to Plaintiff's interpretation of the Ordinance, Plaintiff would have received a substantially lower REU assessment. *See* ECF No. 2, PageID.101-102. But those allegations concern the Township's decision-making process itself. Again, Plaintiff cannot bootstrap a federally protected property interest from alleged violations of state-law procedural requirements. *Experimental Holdings*, 503 F.3d at 519-20. Accordingly, Plaintiff's asserted expectation that strict adherence to the Ordinance's procedures would have yielded a lower REU assessment amounts to a unilateral expectation, not a legitimate claim of entitlement. Separate from the failure to allege a property interest, the Complaint also fails to plausibly allege that Plaintiff was deprived of constitutionally adequate process.

The Complaint itself alleges that Plaintiff received notice of its initial REU assessment, paid the assessment under protest, invoked the appeal process established by Section 2.07(f)(7) of the Ordinance, appeared before the Township Board, and received a new REU determination following that appeal. *See* ECF No. 2, PageID.92-94. Plaintiff's procedural due process claim therefore does not arise

from the absence of notice or an opportunity to be heard. *Dubuc v. Green Oak Twp.*, 642 F. Supp. 2d 694, 705 (E.D. Mich. 2009), *aff'd sub nom. Dubuc v. Twp. of Green Oak*, 406 F. App'x 983 (6th Cir. 2011) (finding that plaintiffs could not maintain a claim for a procedural due process violation "[b]ecause Plaintiffs have not shown that they were not afforded notice and an opportunity to be heard . . . ."). Plaintiff merely alleges that the Township reached the wrong result by failing to apply the Ordinance correctly. Even construing the Complaint in the light most favorable to Plaintiff, dissatisfaction with the outcome of an otherwise available review process does not, standing alone, establish a procedural due process violation.

The Complaint also fails to plausibly allege that the procedures themselves were constitutionally inadequate. Instead, Plaintiff challenges the manner in which Township officials allegedly implemented those procedures and the substantive correctness of the resulting REU determination. ECF No. 2, PageID.101-102. Plaintiff likewise argues that Township officials failed to comply with provisions of the Ordinance concerning the Township Engineer's role in determining REUs. *Id.* at PageID.95, 101; ECF No. 4, PageID.323. Defendant responds that the version of the Ordinance in effect when the initial REU determination was made did not contain the Township Engineer language upon which Plaintiff relies. ECF No. 5, PageID.352. But the Court need not resolve that dispute. Even accepting Plaintiff's interpretation of the Ordinance as true for purposes of this motion, an alleged failure

to comply with state-law procedural requirements does not, without more, establish a deprivation of procedural due process.

At most, the Complaint alleges that Township officials misapplied the Ordinance when calculating Plaintiff's REU assessment. Whether Plaintiff can ultimately establish such a violation presents a question of Michigan law that is more appropriately addressed in connection with Plaintiff's remaining state-law claims.

Accordingly, Plaintiff has failed to plausibly allege either the deprivation of a constitutionally protected property interest or the denial of constitutionally adequate process. Count IV therefore fails to state a federal procedural due process claim upon which relief may be granted.

***3. Plaintiff Has Not Plausibly Alleged a Substantive Due Process Violation***

Plaintiff alleges that the Township violated its substantive due process rights by arbitrarily inflating its REU assessment, disregarding the Ordinance, and imposing sewer connection and usage charges that bear no rational relationship to Plaintiff's actual sewer usage. ECF No. 2, PageID.102-103. Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *EJS Props., LLC*, 698 F.3d at 855 (quoting *Collins*, 503 U.S. at 125). The Supreme Court has repeatedly recognized that substantive due process "specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and

tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). In the context of executive action affecting property interests, a plaintiff must plausibly allege: (1) the deprivation of a constitutionally protected property or liberty interest; and (2) that the governmental action was so arbitrary and capricious as to violate substantive due process. *See EJS Props*., 698 F.3d at 861.

Defendant contends that Plaintiff fails to state a substantive due process claim because the Ordinance does not create a constitutionally protected property interest and because Plaintiff's allegations amount to nothing more than a disagreement with the Township's exercise of its authority under the Ordinance, rather than an arbitrary, conscience-shocking governmental action. ECF No. 3, PageID.302-303. Plaintiff responds that the Township intentionally disregarded mandatory provisions of the Ordinance, manipulated Plaintiff's REU classification to increase revenue, and imposed charges that were arbitrary, irrational, and unrelated to any legitimate governmental purpose. ECF No. 4, PageID.339-340. The lack of a protected interest is also dispositive of Plaintiff's substantive due process claim because, absent a constitutionally protected interest, Plaintiff cannot establish the threshold requirement necessary to invoke substantive due process protection either. *Supra*, § 1; §2, p. 18. But even assuming Plaintiff had adequately alleged such an interest, the Complaint still fails to plausibly allege conduct rising to the level of a substantive due process violation.

Executive action violates substantive due process only when it is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). The Sixth Circuit likewise recognizes that substantive due process protects against only the most arbitrary exercises of governmental power. *See EJS Props*., 698 F.3d at 861. Plaintiff alleges that the Township improperly classified portions of its fire station as office space, a laundromat, and a wash bay; disregarded the REU Chart; failed to follow the Ordinance's mandatory procedures; and increased Plaintiff's REU assessment from five to eight following the appeal process. ECF No. 2, PageID.91-103. Accepting those allegations as true, they describe a dispute concerning the Township's interpretation and application of its own Ordinance in assessing sewer charges, not an egregiously arbitrary, conscience-shocking act. Plaintiff further alleges that the Township acted with an arbitrary desire to increase revenue and punish Plaintiff for exercising its rights under the Ordinance. ECF No. 2, PageID.103. Those allegations, however, consist largely of conclusory assertions unsupported by factual allegations permitting the Court to reasonably infer such an improper motive.

Although Plaintiff characterizes the Township's conduct as arbitrary and capricious, "[t]he Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions," nor does it constitutionalize every alleged

misapplication of state law by a local governmental entity. *Collins*, 503 U.S. at 129. Plaintiff's allegations, at most, amount to the contention that Township officials incorrectly interpreted or improperly applied the Ordinance when calculating Plaintiff's REU assessment. And even if Plaintiff ultimately proves that Township officials exceeded their authority under Michigan law or failed to comply with the Ordinance, such conduct would not, without more, establish a conscience-shocking executive action necessary to support a substantive due process claim. Plaintiff's allegations cannot plausibly suggest the type of extreme governmental abuse, corruption, self-dealing, or arbitrary exercise of power that substantive due process was intended to prevent. *See Dodson v. Berenson*, No. 18-3092, 2018 WL 7135183, at *3 (6th Cir. Sept. 26, 2018). Rather, the Complaint presents a dispute over the interpretation, application, and administration of a municipal sewer ordinance, a dispute that is more appropriately addressed through Plaintiff's remaining state-law claims.

Accordingly, Plaintiff has failed to plausibly allege either the deprivation of a constitutionally protected property interest or governmental conduct sufficiently arbitrary to violate substantive due process. Count IV therefore fails to state a substantive due process claim upon which relief may be granted.

**4. *Plaintiff's Equal Protection "Class-of-One" Theory Also Fails***

Plaintiff asserts its equal protection claim pursuant to the "class-of-one" doctrine. ECF No. 2, PageID.103-106. Plaintiff alleges that the Township deprived the FAFA of equal protection under the law by intentionally treating it differently than similarly situated users of the Township's sewer system without a rational basis and in retaliation for exercising its rights under the Ordinance. ECF No. 2, PageID.104-106. Under the Class-of-One doctrine, a plaintiff may state an equal protection claim by alleging it was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011*); Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 836-37 (6th Cir. 2009). Although class-of-one claims remain cognizable in the context of municipal decision-making, the Sixth Circuit has emphasized that such claims require an "extremely high degree of similarity" between the plaintiff and the proposed comparators. *Rondigo*, 641 F.3d at 682.

Defendant argues that Plaintiff has failed to identify any similarly situated entity treated differently under the Ordinance and that the Township's REU determination survives rational basis review. ECF No. 3, PageID.304-307. Plaintiff responds that the Township intentionally departed from the objective standards contained within the REU Chart by uniquely classifying the FAFA's fire station as

a combination of unrelated uses while properly applying the REU Chart to other similarly situated users. ECF No. 4, PageID.341-343. Plaintiff further alleges that the Township's actions were motivated by bad faith, animus, and retaliation for Plaintiff's decision to challenge the initial REU assessment. ECF No. 2, PageID.105. Accepting those allegations as true, the Complaint still fails to plausibly allege the essential elements of a class-of-one equal protection claim.

First, Plaintiff does not plausibly identify any similarly situated comparator that received materially different treatment. The Complaint alleges only "[b]ased on information and belief" that other similarly situated users had their REUs determined strictly in accordance with the REU Chart. ECF No. 2, PageID.104. Plaintiff does not point to any specific fire station, commercial user, or other property that underwent the same REU determination process, possessed materially similar operational characteristics, or pursued the same appeal procedure under Section 2.07(f)(7), yet received a different result. Conclusory allegations that unidentified entities were treated differently are insufficient to plausibly allege the existence of similarly situated comparators under controlling Sixth Circuit precedent. *See MacDonald v. City of Detroit*, 434 F. Supp. 3d 587, 598 (E.D. Mich. 2020) (finding that plaintiff's allegation that he "was treated by the Defendants adversely and differently than other individuals and entities who were similarly situated to

plaintiff' was a threadbare allegation that was insufficient to allege the existence of a comparator).

Second, Plaintiff's allegations concerning the Township's purported bad faith and retaliatory motive likewise consist of legal conclusions unsupported by well-pleaded factual allegations. The Complaint alleges that the Township acted arbitrarily to increase revenue and punish Plaintiff for exercising its rights under the Ordinance. ECF No. 2, PageID.103, 105. However, Plaintiff alleges no factual content permitting the reasonable inference that the Township intentionally singled out the FAFA for differential treatment because of animus or retaliation. Instead, the factual allegations establish that the Township applied its REU determination process to Plaintiff's property, Plaintiff challenged that determination through the appeal procedure provided by the Ordinance, and the Township ultimately increased Plaintiff's REU assessment following that review. Those allegations, without more, describe a dispute concerning the Township's application of the Ordinance, not intentional discrimination prohibited by the Equal Protection Clause.

Finally, Plaintiff's equal protection theory ultimately depends upon the same premise underlying its due process claims, that Township officials failed to correctly apply the Ordinance. Even assuming Plaintiff ultimately proves that Township officials disregarded the Ordinance or exceeded the authority granted by Michigan law, Plaintiff's allegations merely challenge the correctness of the Township's REU

determination rather than plausibly alleging that Plaintiff was intentionally treated differently from similarly situated entities without any rational basis. Accordingly, Plaintiff has failed to plausibly allege either the existence of a similarly situated comparator or intentional differential treatment sufficient to state a class-of-one equal protection claim. Count V therefore fails to state a claim upon which relief may be granted.

**IV.**

The Court agrees that the alleged discrepancy between the FAFA's average monthly sewer usage and the usage reflected by the Township's eight-REU assessment is significant. Plaintiff's average monthly water usage over seventeen months was approximately 4,201 gallons, while an eight-REU assessment reflects approximately 40,000 gallons per month. ECF No. 2, PageID.94. Whether that disparity ultimately demonstrates that the Township misapplied the Ordinance may present a question of state law. It does not, however, establish a violation of the United States Constitution.

Plaintiff has not plausibly alleged that it possesses a federally protected property interest in the Township's determination of its REU assessment, nor has it shown that the Township's alleged conduct deprived it of constitutionally adequate process or constituted the type of arbitrary, conscience-shocking executive action necessary to support a substantive due process claim. Likewise, Plaintiff has failed

to plausibly allege that it was intentionally treated differently from similarly situated users without a rational basis. At bottom, Plaintiff alleges a unilateral expectation that application of the Ordinance should have produced a different REU determination than the one ultimately assigned. That expectation may support relief under Michigan law, but it does not give rise to a federal constitutional claim.

Accordingly, the Court dismisses Plaintiff's federal constitutional claims with prejudice. Because only state-law claims remain, the Court declines to exercise supplemental jurisdiction over those claims and remands them to the 44th Circuit Court for further proceedings.

* * * *

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Per Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED.** Plaintiff's federal claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **REMANDED** back to the 44th Circuit Court of Livingston County.

**IT IS SO ORDERED.**

***This is a final order that closes this case.***

Dated: August 3, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge